**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHRISTOPHER L. EMMONS,** | * | |
| | * | **CIVIL ACTION NO. __-________** |
| **Plaintiff,** | * | |
| | * | **SECTION "___"** |
| **VERSUS** | * | |
| | * | **JUDGE: _______________** |
| **C-INNOVATION, L.L.C.,** | * | |
| | * | **MAGISTRATE: _______________** |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT**, through his undersigned counsel of record, comes plaintiff, Christopher L. Emmons ("Plaintiff"), who respectfully represents as follows.

### Jurisdiction and Venue

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 as a federal question case arising under federal law. This case is authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Plaintiff has met the jurisdictional prerequisites for this filing by filing a Charge of Discrimination with the Equal Employment Opportunity Commission and by filing suit within 90 days of receipt of his Notice of Right to Sue.

2. Venue is proper in this court as Plaintiff was formerly employed by defendant, C-

Innovation, L.L.C. ("C-Innovation" or "Defendant") at its location in the Eastern District of Louisiana.

3. Plaintiff is a citizen of the United States and a resident of St. Tammany Parish, Louisiana. Plaintiff was employed by Defendant in the Eastern District of Louisiana from March 2012 until his termination from employment effective December 31, 2016.

4. Defendant is a Louisiana limited liability company doing business in the Eastern District of Louisiana, with its principal business office located in the Eastern District of Louisiana.

## Factual Allegations

5. Plaintiff was hired by Defendant as an ROV Pilot Technician I on March 13, 2012.

6. Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") in approximately 2004. Beginning in 2004 and continuing throughout his hire by Defendant, Plaintiff was prescribed Adderall, an amphetamine, as treatment for his ADHD.

7. As an adult with ADHD requiring medication, Plaintiff was at all relevant times hereto a qualified individual with a disability within the meaning of the ADA.

8. At the time of his hire, Defendant was apprised of Plaintiff's diagnosis and prescription for Adderall. After a lengthy delay, Defendant hired Plaintiff with this knowledge.

9. In November of 2013, following unrelated elbow surgery, Plaintiff again

disclosed his medications and diagnosis to Defendant.

10. In April 2015, as Plaintiff was working offshore for Defendant, Defendant confronted Plaintiff regarding an alleged “positive” drug screen for amphetamines. Plaintiff reiterated that he was properly prescribed the medication as a result of his medical diagnosis, ADHD, and that he had at all times disclosed the same to Defendant. Defendant instructed Plaintiff to return to work offshore for the remaining six days and then to contact Dr. Duet, a physician in Defendant’s employment.

11. On April 23, 2015, when Plaintiff returned to shore, Dr. Duet advised him that ADHD does not exist in adults and is a “made-up condition.” Dr. Duet further advised that Plaintiff should not be taking the medication he had been properly prescribed, and that Plaintiff was suspended from work with Defendant, without pay, until he could test negative for his prescription, and until he submitted a signed letter that he would no longer take his properly prescribed Adderall.

12. Plaintiff immediately ceased taking his medication, in order to provide for his family. On April 24, 2015, Plaintiff filed an EEOC Charge, of which Defendant was promptly advised. On April 27, 2015, Plaintiff submitted the required documentation and returned to work.

13. For the duration of Plaintiff’s employment with Defendant, Plaintiff was unable to take his properly prescribed medication due to Defendant’s improper insertion of itself into his medical care.

14. In June 2015, Plaintiff was reprimanded by Defendant due to a paperwork error. Such mistakes and oversights can be symptoms of ADHD, particularly when untreated.

15. On April 11, 2016, Plaintiff returned from working offshore for Defendant. Defendant advised Plaintiff at that time that work was becoming slow. Plaintiff therefore inquired if now would be a good time for him to be off for surgery on his knee and elbow, both of which he had postponed for some time. Defendant advised that it would be.

16. Throughout the ensuing several months, Plaintiff kept in constant contact with Defendant, who kept Plaintiff on unpaid leave. Due to the unpaid nature of Plaintiff's leave, and the lack of work for Defendant's employees generally, the arrangement amounted to a reasonable accommodation for Plaintiff's intervening disabilities, and created no undue hardship for Defendant whatsoever.

17. On December 2, 2016, Plaintiff inquired of Defendant as to whether work was beginning to pick up and might soon be available for him, once he was rehabilitated, as he had been advised of the same.

18. Shortly thereafter, on December 26, 2016, Defendant advised Plaintiff that he was being terminated effective December 31, 2016, due to his failure to return from FMLA leave.

19. In suspending Plaintiff, requiring Plaintiff to go off his properly prescribed medication, and reprimanding Plaintiff, Defendant discriminated against Plaintiff on the basis of a disability, and/or failed to reasonably accommodate Plaintiff, and/or discriminated against

Plaintiff on the basis of his record of having a disability, and/or regarded Plaintiff as having a disability, all in violation of the ADA.

20. In terminating Plaintiff from its unpaid employment, and in failing to recall Plaintiff to work since that time, Defendant has discriminated against Plaintiff on the basis of his disability and/or disabilities, and/or has failed to reasonably accommodate Plaintiff, and/or has retaliated against Plaintiff for engaging in a protected activity, all in violation of the ADA.

## Prayer for Relief

**WHEREFORE**, plaintiff, Christopher L. Emmons, prays for trial by jury, and after due proceedings are had that there be judgment herein in his favor and against defendant, C-Innovation, L.L.C., for all sums as are reasonable under the premises, including back pay, compensatory damages, punitive damages, reinstatement, front pay, attorneys' fees, costs, and expenses, and all such other relief to which Plaintiff is entitled at law or in equity.

Respectfully submitted by:

**PERAGINE LAW FIRM, L.L.C.**

*/s/ Christa H. Forrester*
Christa Hayes Forrester (La. Bar No. 33133)
527 East Boston Street, Suite 201
Covington, Louisiana 70433
Telephone: (985) 292-3500
Telecopy: (985) 292-3501
E-mail: christie@plalaw.com

Counsel for Plaintiff,

*Christopher L. Emmons*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

**PLEASE HOLD SERVICE. PLAINTIFF TO REQUEST WAIVER BY DEFENDANT.**