UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| CHRISTOPHER L. EMMONS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-4674 |
| C-INNOVATION, L.L.C. | SECTION "N" (2) |

## **ORDER AND REASONS**

Presently before the Court is the motion for summary judgment filed by Defendant C-Innovation, L.L.C. (Rec. Doc. 13), which was filed relative to the claims asserted by Plaintiff Christopher Emmons ("Emmons") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.* The Court has carefully considered the parties' competing submissions, the remainder of the record in this matter, and applicable law. For essentially the reasons stated by Defendant in its memoranda (Rec. Docs. 13-2 and 26), **IT IS ORDERED** that Defendant's motion is **GRANTED** and Plaintiff Christopher Emmons' ADA claims are **DISMISSED WITH PREJUDICE**.

In support of these rulings, the Court notes, as does Defendant, that Plaintiff's opposition memorandum (Rec. Doc. 21) does not contest the relief sought by Defendant's motion relative to Plaintiff's knee injury and/or his termination from employment in December 2016. Additionally, given the intervening almost twenty months between Defendant's receipt of Plaintiff's

1

April 24, 2015 Equal Employment Opportunity Commission ("EEOC") charge and Plaintiff's December 2016 termination, as well as the lack of pertinent factual nexus between the two events, Defendant's multiple voluntary extensions of Plaintiffs' Family Medical Leave Act ("FMLA") leave, and the absence of an identified and imminent date by which Plaintiff would definitely return to work, the Court cannot conclude that a triable issue exists, in Plaintiff's favor, relative to the causal connection required for a *prima facie* case of retaliation under the ADA.

Finally, though Defendant undisputedly conditioned Plaintiff's ongoing employment as a ROV Pilot Technician and Supervisor upon his forgoing any future use of Adderall, an amphetamine, Defendant did so in accordance with changes made in 2014 to its drug and alcohol policy in 2014, during the course of Plaintiff's employment, to reflect the Pipeline and Hazardous Material Safety Administration's[1] prohibition of amphetamines in safety-sensitive positions.[2] Defendant likewise did not terminate or take other adverse employment action against Plaintiff simply because of his Attention Deficit Hyperactivity Disorder ("ADHD") diagnosis. Rather, following Plaintiff's drug test results, it merely required that Plaintiff, before resuming his job duties, switch to a non-amphetamine form of drug treatment that would not present the same safety issues associated with Adderall use.

Although Plaintiff apparently would have preferred to continue using Adderall for his ADHD, it is beyond peradventure that the ADA ensures only a *reasonable* accommodation of disability where such an accommodation is possible. On the instant showing made, no genuine

---

[1] The Pipeline and Hazardous Material Safety Administration ("PHMSA") is an agency of the United States Department of Transportation.

[2] Plaintiff has not disputed Defendant's safety-sensitive classification of his previous work position.

2

dispute of material fact has been shown to exist regarding the reasonableness of the accommodation made by Defendant prior to Plaintiff's taking leave from work to have surgery.  Nor, contrary to Plaintiff's assertion, has the counseling form issued in September 2015 been shown to constitute a legally actionable adverse employment action for purpose of the ADA.  For these reasons, as outlined by the legal authorities cited in Defendant's memoranda, Plaintiff's ADA claims lack merit and thus must be dismissed.

New Orleans, Louisiana, this 9th day of April 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**